[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1230.]

IN RE DISQUALIFICATION OF DOAN ET AL.

HAWTHORNE v. KALB.

**[Cite as In re Disqualification of Doan, 1998-Ohio-328.]**

*Judges—Affidavit of disqualification—Judges' review of attorney's conduct in the context of a criminal appeal does not preclude judges from reviewing the propriety of the dismissal of a subsequent malpractice action based on the attorney's earlier conduct—Judges are presumed to conduct independent review.*

(No. 98-AP-086—Decided August 11, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Appeals case No. C-980471.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by Thomas Hawthorne seeking the disqualification of Judges Rupert A. Doan, Mark P. Painter, J. Howard Sunderman, Jr., and Retired Judge Raymond E. Shannon from further proceedings regarding the above-captioned case.

{¶ 2} Affiant contends that the judges named in the affidavit should be disqualified because they previously ruled on the propriety of the defendant-appellee Ann L. Kalb's conduct in filing an *Anders* brief in affiant's criminal appeal. However, the mere fact that the judges reviewed the defendant-appellee's conduct in the context of a criminal appeal does not preclude those judges from reviewing the propriety of the trial court's action in dismissing a subsequent malpractice action for failure to state a claim upon which relief could be granted. The judges are presumed to conduct an independent review of the pending appeal

and apply the appropriate legal standard in determining the propriety of the trial court's action.

{¶ 3} For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____